# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| RICKY CHARLES VOCLAIN<br>    LA. DOC # 310868 | CIVIL ACTION NO. 3:14-cv-2741 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| RIVER BEND DETENTION<br>CENTER, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Pro se plaintiff Ricky Charles Voclain, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 16, 2104.  Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Bossier Medium Correctional Center; however, he complains that he was denied adequate medical care while he was imprisoned at the River Bend Detention Center (RBDC). He sued RBDC, its "head doctor" and "medical staff," the East Carroll Parish Sheriff's Department and various "unknown defendants" and prayed for an investigation of the RBDC medical department and $100,000 in damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

Plaintiff is an inmate in the custody of the DOC. He was transferred from the Terrebonne Parish Criminal Justice Complex to the RBDC on February 19, 2014. Plaintiff claims that he has

previously been diagnosed as schizophrenic. Prior to his transfer to RBDC, he was receiving the

anti-psychotic medication "Prolicktum."[1] Upon his arrival at RBDC he was examined by a

physician who obtained a history of plaintiff's mental health issues. Plaintiff advised that he was

previously diagnosed as bipolar, schizophrenic, manic depressive and psychotic sleeping

disorder.   He advised this physician that his former physician, prior to the date he was

incarcerated,  prescribed "Risperdal" for the bipolar disorder and schizophrenia, "Paxsual" for

manic depression, and "Vistareal" for the sleep disorder.[2]  He also told the physician that when

---

[1] Plaintiff probably means Prolixin®, the brand name of the drug fluphenazine, an antipsychotic medication used to treat schizophrenia and psychotic symptoms such as hallucinations, delusions, and hostility. The brand name Prolixin® is no longer available. See Medline Plus, A Service of the U.S. National Library of Medicine and National Institutes of Health, Drugs & Supplements at http://www.nlm.nih.gov/medlineplus/druginformation.html

[2] Risperdal® or risperidone is used to treat the symptoms of schizophrenia (a mental illness that causes disturbed or unusual thinking, loss of interest in life, and strong or inappropriate emotions) in adults and teenagers 13 years of age and older. It is also used to treat episodes of mania (frenzied, abnormally excited, or irritated mood) or mixed episodes (symptoms of mania and depression that happen together) in adults and in teenagers and children 10 years of age and older with bipolar disorder (manic depressive disorder; a disease that causes episodes of depression, episodes of mania, and other abnormal moods). Risperidone is in a class of medications called atypical antipsychotics. It works by changing the activity of certain natural substances in the brain.

Paxil® or paroxetine used to treat depression, panic disorder (sudden, unexpected attacks of extreme fear and worry about these attacks), and social anxiety disorder (extreme fear of interacting with others or performing in front of others that interferes with normal life). Paroxetine tablets and suspension are also used to treat obsessive-compulsive disorder (bothersome thoughts that will not go away and the need to perform certain actions over and over), generalized anxiety disorder (GAD; excessive worrying that is difficult to control), and posttraumatic stress disorder (disturbing psychological symptoms that develop after a frightening experience). Paroxetine is in a class of medications called selective serotonin-reuptake inhibitors (SSRIs). It treats depression and other mental illnesses by increasing the amount of serotonin, a natural substance in the brain that helps maintain mental balance.

Vistaril® or hydroxyzine is used to relieve the itching caused by allergies and to control the nausea and vomiting caused by various conditions, including motion sickness. It is also used for

he was incarcerated in TPCJC, the physician at that facility discontinued the Risperdal® and Vistaril® because inmates abuse such drugs and instead prescribed Prolixin®. Nevertheless, the physician at RBDC discontinued the Prolixin® and substituted Elavil®.[3]

According to plaintiff, within 48 to 72 hours after not receiving the preferred medication he began to hear voices and experience hallucinations. In addition he experienced bad headaches and cold sweats. Sometime between February 19 and the end of February plaintiff submitted a request to see the physician again. He was seen by a nurse and complained to her that he was no longer receiving medication for his paranoid schizophrenia; the nurse checked his records and advised him that the physician had prescribed Elavil®.

Thereafter plaintiff submitted grievances which were either ignored or denied. On June 2, 2014 he was transferred from RBDC to his present place of confinement. It is unclear whether or not he is receiving the requested medication at this time.

### Law and Analysis

### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also

anxiety and to treat the symptoms of alcohol withdrawal. See <u>Medline Plus</u>, *supra*.

[3] Elavil® or amitriptyline is used to treat symptoms of depression. Amitriptyline is in a class of medications called tricyclic antidepressants. It works by increasing the amounts of certain natural substances in the brain that are needed to maintain mental balance. See <u>Medline Plus</u>, *supra*.

subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### 2. Medical Care

Plaintiff is an inmate in the custody of the LDOC. He complains that the physician, health care professionals, and others at RBDC violated his Eighth Amendment right to be free from cruel and unusual punishment when they discontinued his prescription for the drug Prolixin® and substituted Elavil® for the treatment of his mental health condition.

The constitutional right of a convicted prisoner to appropriate medical care is indeed based upon the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to establish an actionable  violation of the Eighth Amendment,  the prisoner plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety.  *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated

4

him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

It is manifestly obvious that plaintiff simply disagrees with the treatment decisions of the health care professionals – including the RBDC physician –  who were responsible for his care and treatment.  Plaintiff admits, and the evidence supports, that he was examined by a physician who substituted one medication for another.

Plaintiff disagrees with the conclusions and treatment options offered by the physician; however, his disagreement with the health care professionals' diagnosis or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

In any event, in order to allege a violation of the Eighth Amendment plaintiff must not only demonstrate deliberate indifference on the part of the defendants, but he must also demonstrate  that the deliberate indifference resulted in substantial harm.  *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).  Plaintiff has alleged in his complaint that as a result of being denied his prescription he began to experience auditory and visual hallucinations and headaches. However, he made no such complaints in any of the several grievances he submitted to prison administrators at RBDC. [See Doc. 1, p. 11, Grievance dated 2-30-14 (sic); id., p. 12, Grievance dated 3-30-14; id., p. 16, Grievance dated 4/29/14 (plaintiff merely described "mental suffering); id., pp. 17-18, Grievance dated 6/25/2014] In other words, it does not appear that the unnamed

5

physician's decision to substitute one medication for another resulted in substantial harm to the plaintiff.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, November 3, 2014.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

6